IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL M. WOOLERY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-1728-D |
| | § | |
| MICHAEL L. DOTY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Daniel M. Woolery ("Woolery") moves to compel discovery requests and to extend the discovery deadline. He also moves for a hearing on his motion. The court denies Woolery's motions.

I

In his two-page motion to compel, Woolery asserts that counsel for defendants National Railroad Passenger Corporation and Santa Fe Railroad Corporation (collectively, "the Railroad Defendants") "has indicated his unwillingness/inability to respond to the Woolery discovery requests (i.e. requests for production, interrogatories, and/or admissions) on a timely basis and/or by the current Completion of Discovery Date of December 16, 2022." P. Br. (ECF No. 59) at 1. Woolery references attachments to his motion, but no attachments or other supporting documents were filed. It is, in fact, unclear to what discovery requests his motion pertains. Woolery has also filed a motion seeking a hearing before a magistrate judge.

The Railroad Defendants oppose Woolery's motions to compel and extend the discovery deadline. As for Woolery's motion for a hearing, they request that, if a hearing is set, it be scheduled after briefing on Woolery's combined motion to compel and motion to extend the discovery deadline has been completed. Woolery has not replied to the responses, and his motions are now ripe for decision.

II

Under Fed. R. Civ. P. 37(a), a party moving for an order compelling discovery "must include a certification that [he] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *See also* N.D. Tex. Civ. R. 7.1 (certificate of conference rule). The motion must also meet the "threshold requirements" of Rule 37(a) in that it must

> attach a copy of the discovery requests at issue . . . and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining . . . how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute.

*Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017) (Horan, J.) (quoting *Harrison v. Wells Fargo Bank, N.A.*, 2016 WL 1392332, at *7 (N.D. Tex. Apr. 8, 2016) (Horan, J.)).

Woolery's motion does not identify the discovery requests that are at issue, makes no

argument as to why the Railroad Defendants should be compelled to respond to any discovery requests, and includes no certification that Woolery's counsel met and conferred with counsel for the Railroad Defendants before filing the motion to compel. Woolery has therefore failed to meet the "threshold requirements" of Rule 37(a), and his motion to compel is denied. *See also Obinyan v. Prime Therapeutics LLC*, 2021 WL 135983, at *1-2 (N.D. Tex. Jan. 14, 2021) (Fitzwater, J.) (denying plaintiff's motion to compel for failure to argue why additional discovery or documents were necessary).

III

The court also denies Woolery's motion to extend the discovery deadline.

Rule 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed. *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.). "To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent." *Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (citing *id.*). The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has met his burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing

the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations adopted) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

Woolery does not address the good cause standard of Rule 16(b)(4) or the pertinent factors in his motion to extend the discovery deadline. "When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone." *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) (citing *Serv. Temps*, 2009 WL 3294863, at *1) (addressing motion for leave to amend).

Because Woolery does not address the good cause standard or factors, the court denies his motion to extend the discovery deadline.

IV

Because no hearing is necessary, Woolery's motion for a hearing is also denied.

\* \* \*

Woolery's November 23, 2022 motion to compel and extend the discovery deadline and his December 8, 2022 motion for hearing are denied.

**SO ORDERED**.

January 25, 2023.

                                                                         _____
                                                                          SIDNEY A. FITZWATER
                                                                          SENIOR JUDGE