IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL M. WOOLERY, §
§
Plaintiff, §
§
VS. § Civil Action No. 3:21-CV-1728-D
§
MICHAEL L. DOTY, et al., §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this lawsuit arising from a collision between a train and a pickup truck at a private

railroad crossing, defendants Michael L. Doty ("Doty"), National Railroad Passenger

Corporation ("AMTRAK"), and BNSF Railway Company ("BNSF")[1] move for summary

judgment.  Defendants maintain that they are entitled to summary judgment dismissing

plaintiff Daniel M. Woolery's ("Woolery's") negligence claims because his negligence per

se is the proximate cause of his injuries.  In response, Woolery has filed a motion for

abatement that essentially seeks a continuance under Fed. R. Civ. P. 56(d).  Woolery has also

filed an additional brief that defendants move to strike.  Concluding that Woolery has not

---

[1]Defendants point out that, although the caption of plaintiff's complaint names Santa
Fe Railroad Corporation as a defendant instead of BNSF Railway Company, the Santa Fe
Railway merged with another railway in 1995 and became BNSF Railway Company.  Ds.
Br. (ECF No. 66) at 1 n.1.  The body of plaintiff's complaint names BNSF Railway
Company as a defendant, and plaintiff served BNSF with the summons in this lawsuit.  In
defendants' brief, "BNSF requests the Court name the correct entity in its order."  Ds. Br.
(ECF No. 66) at 1 n.1.  The court grants this request to the extent that it will refer to this
defendant as BNSF in this memorandum opinion and order.

demonstrated that he is entitled to a Rule 56(d) continuance and that defendants have met their summary judgment burden, the court grants defendants' motion for summary judgment and dismisses this action with prejudice.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case[2] and recounts the facts and procedural history only as necessary to understand this decision.

On January 9, 2020, while driving on a private road in Marietta, Oklahoma, Woolery attempted at a private crossing to cross railroad tracks owned by BNSF.  A stop sign had been erected just before the crossing.  Woolery testified that, when he arrived at the private crossing, he saw a train approaching "[i]n the distance" "but it looked like [he] had plenty of time to get across the tracks."  Ds. App. (ECF No. 67) at 116.  According to Woolery, the train "looked so far off, I didn't think I had to race across the tracks."  *Id.* at 117. Unfortunately, Woolery "misjudged the speed" of the train and was hit while attempting to cross.  *Id.* at 120.  This train was owned by AMTRAK and operated by Doty, an AMTRAK employee.  The Oklahoma Highway Patrol officer who investigated the collision found that Woolery "did not stop at the stop sign" before crossing the tracks and that "the driver of the AMTRAK train took no improper action on January 9, 2020."  *Id.* at 170.

Woolery later filed this lawsuit alleging a negligence claim against AMTRAK and

---

[2]*See Woolery v. Peery*, 2022 WL 19700 (N.D. Tex. Jan. 3, 2022) (Fitzwater, J.).

BNSF under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, and a state-law negligence claim against all defendants.[3]  The court entered a scheduling order that established the following relevant deadlines: a discovery deadline of December 16, 2022; an expert witness designation deadline of October 11, 2022; a rebuttal expert witness designation deadline of November 10, 2022; and a deadline to file summary judgment motions of January 17, 2023.

Defendants engaged a reconstructionist expert, Mitchell Lee Rackers, P.E. ("Rackers").  Rackers analyzed Sensing Diagnostic Module (SDM) data obtained from Woolery's pickup.  The SDM included an Event Data Recorder feature (EDR).  Rackers opined, "[b]ased on the 'Brake Switch Circuit State' in the pickup's EDR record, [that] the driver of the pickup did not apply the vehicle's brakes for 6 or more seconds prior to the collision."  Ds. App. (ECF No. 67) at 149.  Rackers also concluded that "it is improbable that the driver had stopped near the crossing, prior to entering the crossing," and, based on the percent throttle and vehicle speed data obtained from the vehicle, Woolery "was attempting to rapidly accelerate the vehicle prior to the collision . . . accelerat[ing] from approximately 5 MPH to a speed between 17 and 19 MPH, immediately prior to the collision, over the course of approximately 4 seconds."  Ds. App. (ECF No. 67) at 147, 149.  Based on the conditions around the crossing, Rackers also concluded that a train approaching from more

---

[3]Although the complaint refers to Oklahoma law regarding this second negligence claim, in his response to defendants' summary judgment motion, Woolery asserts that Texas law applies. P. Br. (ECF No. 73) at 4 ("Plaintiff[] believe[s] TX law should apply rather than OK law.").  The court addresses choice of law below.

than 1,000 feet away would be plainly visible to a driver who stopped at the stop sign before the railroad crossing, and, based on the speed of the train, it would have been visible for 9.5 seconds before it reached the crossing. Woolery has produced no evidence apart from his own affidavit to rebut this report and had designated no experts by the deadlines set in the scheduling order.

On January 17, 2023 defendants moved for summary judgment, contending that Woolery's actions prior to the collision constitute negligence per se and were the proximate cause of his injuries, and therefore that defendants are not liable. Woolery opposes the motion and requests that the court abate the matter because defendants' motion is premature. Woolery has also filed a motion to compel, and defendants have filed a motion to strike Woolery's response to defendants' response dated February 17, 2023. The court is deciding the motions on the briefs.

II

On March 1, 2023 Woolery filed ECF No. 80, a pleading entitled "Plaintiff's Response to Defendant[s'] Response Dated 2/17/23 (Document No. 78)," which defendants move to strike. This pleading serves both as a reply in support of Woolery's abatement motion and a surreply in opposition to defendants' summary judgment motion. Woolery did not request, and the court did not grant, leave to file a surreply. Therefore, the court will only consider the surreply to the extent that it is relevant to Woolery's motion for abatement and will not consider it to the extent that it addresses the merits of defendants' summary judgment motion. *See* N.D. Tex. Civ. R. 56.7.

- 4 -

Additionally, on February 17, 2023 defendants' filed ECF No. 79, styled as an "Appendix to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Further Motion for Abatement Pending Completion of Discovery." Because defendants did not obtain leave of court to file a summary judgment reply appendix, the court has considered the appendix only to the extent it relates to Woolery's motion for abatement and not as it to pertains to defendants' summary judgment motion. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that a party may not file summary judgment reply appendix without first obtaining leave of court).

Defendants contend that the court should strike Woolery's reply/surreply in part because the document contains derogatory comments about defendants' counsel. Although Rule 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," even if the court assumes *arguendo* that Woolery's brief is a pleading for purposes of Rule 12(f), any comments made about defendants' counsel are not so egregious as to warrant striking the entire document from the public record. *See Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (discussing the presumption in favor of public's common law right of access to judicial records). Accordingly, defendants' motion to strike is denied.

- 5 -

III

The court turns next to Woolery's motion for abatement.  Although Woolery styles his motion as one "for Abatement Pending Completion of Discovery," *see* P. Br. (ECF No. 73) at 1, he is essentially seeking a continuance under Rule 56(d).

Rule 56(d) provides that, if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  "The continuance authorized by Rule 56[(d)] is a safe harbor built into the rules so that summary judgment is not granted prematurely."  *Thompson v. Unum Life Ins. Co. of Am.*, 2003 WL 22056016, at *1 (N.D. Tex. Sept. 3, 2003) (Fitzwater, J.) (citing *Union City Barge Line Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)).  "To comply with the Rule, the party opposing summary judgment must file the specified non-evidentiary affidavit explaining why [he] cannot oppose the summary judgment motion on the merits."  *Id.* (citing *Union City Barge Line Inc.*, 823 F.2d at 136). "The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must instead identify a genuine issue of material fact that justifies the continuance pending further discovery."  *Id.* (citations omitted).

Woolery posits that the court should continue consideration of defendants' summary judgment motion because defendants have declined to produce information necessary for his rebuttal expert to produce a report.  The court disagrees.

- 6 -

First, Woolery's motion for abatement is not supported by the required affidavit or declaration addressing why a Rule 56(d) continuance should be granted.[4] The court therefore declines to grant a continuance on that basis alone.

Second, Woolery filed his abatement motion on February 3, 2023. His rebuttal expert was not designated by the November 10, 2022 deadline established by the scheduling order, and discovery in this case closed on December 16, 2022. If he actually believed he could secure an expert to refute defendants' expert, he should have attempted to comply with these pertinent scheduling deadlines or timely moved to extend the deadlines. But Woolery failed to designate an expert witness or complete the necessary discovery by the deadlines established in the court's scheduling order, and he presents no grounds to modify the scheduling order under Rule 16(b)(4).[5]

Third, defendants' summary judgment motion, which was filed over one month after the discovery deadline (on the January 17, 2023 court-ordered deadline for filing summary judgment motions), cannot be said to be premature. Therefore, Woolery's motion for abatement is denied.

---

[4]Woolery's summary judgment response is supported by his own affidavit, but it does not contain what Rule 56(d) requires.

[5]Indeed, the court has previously denied a motion by Woolery to modify the scheduling order. *Woolery v. Doty*, 2023 WL 416556, at *2 (N.D. Tex. Jan. 25, 2023) (Fitzwater, J.).

IV

The court now turns to the merits of defendants' summary judgment motion. Defendants move for summary judgment on claims for which Woolery will bear the burden of proof at trial. *See Akin v. Mo. Pac. R. Co.*, 977 P.2d 1040, 1054-55 (Okla. 1998). When parties move for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving parties can meet their summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving parties do so, the nonmovant must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little*, 37 F.3d at 1076.

V

Defendants maintain that Woolery cannot prevail on his negligence claims because his own actions constitute negligence per se, and his negligent conduct was the proximate cause of his injuries. Defendants also contend that no party who is a defendant in this case can properly be sued under the FTCA. Woolery responds that his responsive affidavit is

sufficient to create a dispute of material fact, and that the forthcoming report of his expert will likely controvert defendants' expert.  Woolery also posits that Texas law, rather than Oklahoma law, applies.

A

The court first determines whether Oklahoma law or Texas law applies.

"A federal court must follow the choice-of-law rules of the state in which it sits." *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 205 (5th Cir. 1996).  "Texas courts use the ALI Restatement's 'most significant relationship test' for all choice of law cases except those contract cases in which the parties have agreed to a valid choice of law clause." *Spence v. Glock, Ges.m.b.H.*, 227 F.3d 308, 311 (5th Cir. 2000) (first citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984); and then citing *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979)).  "Relevant factors to consider under this test include 'the place where the injury occurred, the place where the injury causing conduct occurred, the parties' residence, and the place where the relationship, if any, between the parties is centered." *Colony Ins. Co. v. Emerald Valley Villas Homeowners' Ass'n, Inc.*, 2021 WL 8014528, at *3 (N.D. Tex. Feb. 8, 2021) (Rutherford, J.) (quoting *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003)).

In this case, the collision and the conduct that caused the collision occurred in Oklahoma.  At the time, Woolery was an Oklahoma resident.[6]  No factors support applying

---

[6]Although Woolery asserts in his response to defendants' summary judgment motion that "his principal residence at the time of the incident was TX," P. Br. (ECF No. 73) at 4,

- 9 -

Texas law to Woolery's claims.  Therefore, the court concludes that Oklahoma law applies.

B

Defendants contend that they are entitled to summary judgment dismissing Woolery's negligence claims because in three separate, pertinent instances Woolery was negligent per se: (1) Woolery violated Okla. Stat. Ann. tit. 47, § 11-701(A)(4) (West 2002) when he failed to yield to the oncoming train, which was in hazardous proximity to the crossing; (2) Woolery violated Okla. Stat. Ann. tit. 47 § 11-703(d) (West 1974) when he failed to stop at the stop sign erected prior to the railroad crossing; and (3) Woolery violated Okla. Stat. Ann. tit. 47 § 11-801 (West 2019) by driving at an inappropriate speed prior to the collision.

Under Oklahoma law,

> [t]he elements of negligence per se are three-fold: (1) the violation of a statute must have caused the injury, (2) the harm sustained must be of the type intended to be prevented by the statute and (3) "the injured party must be one of the class intended to be protected by the statute."

*Nye v. BNSF Ry. Co.*, 428 P.3d 863, 873 (Okla. 2018) (quoting *Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508, 510 (Okla. 1991)).  If a plaintiff's negligent actions are the proximate cause of his own injuries, the defendant is not liable.  *See Hamilton v. Allen*, 852 P.2d 697, 700 (Okla. 1993); *Akin,* 977 P.2d at 1056.  "The proximate cause of an injury is the efficient cause, i.e. the agency which produces the effect."  *Akin*, 977 P.2d at 1054.

---

he cites no evidence to support this assertion.  And indeed he testified in his deposition that he was a resident of Oklahoma at the time of the accident.  *See* Ds. App. (ECF No. 67) at 103.

Okla. Stat. Ann. tit. 47, § 11-701(A)(4) provides:

> Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when: . . . 4. An approaching railroad train or other on-track equipment is plainly visible and is in hazardous proximity to such crossing.

Here, the undisputed evidence demonstrates that Woolery did not stop within 50 feet of the railroad crossing despite observing the approaching train. Defendants' expert (Rackers), using data obtained from Woolery's pickup truck, concluded that Woolery did not stop before the crossing. The Oklahoma Highway Patrol officer who investigated the collision concluded that Woolery did not stop at the stop sign prior to crossing the tracks. But even if Woolery did stop at the stop sign prior to the crossing, this would be immaterial. He testified several times in his deposition that he saw the train in the distance before he attempted to cross the tracks, but he mistakenly believed he could cross the tracks before the train arrived.

In his opposition affidavit, Woolery avers, in relevant part, that he "*did not see* the approaching train until just prior to the collision." P. App. (ECF No. 73-1) at 1 (emphasis added). But "[i]t is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (citations omitted). Woolery has not presented a sufficient explanation for why he changed his testimony after

being deposed. The court will therefore rely on his deposition testimony in determining whether defendants are entitled to summary judgment.

Based on Woolery's deposition testimony, he *did see* the train prior to crossing, and, as the resulting accident makes clear, the train was in hazardous proximity to the crossing. Even if Woolery did initially stop at the stop sign before the crossing, he proceeded in the path of an oncoming train before it was safe to do so. Therefore, the undisputed summary judgment evidence demonstrates that Woolery violated Okla. Stat. Ann. tit. 47, § 11-701(A)(4) when he accelerated in front of the approaching train.

Turning to the elements of negligence per se, Woolery's violation of the statute caused him to be hit by the train, as a motorist Woolery was intended to be protected by the statute, and his injury was the type the statute intended to prevent. *See Hamilton*, 852 P.2d at 700. Thus the undisputed summary judgment evidence establishes that Woolery was negligent per se. And because Woolery's negligence caused him to be hit by the train, his negligence was the proximate cause of his injuries. *See id*; *Akin*, 977 P.2d at 1056.[7]

Because the undisputed summary judgment evidence establishes that Woolery's negligent actions were the proximate cause of his injuries, defendants cannot be held liable under a negligence theory, and Woolery's negligence claims are therefore dismissed.[8]

---

[7]Although defendants contend that two other purported statutory violations may constitute negligence per se, the court need not address them.

[8]The court need not consider whether any defendant can properly be sued under the FTCA.

- 12 -

VI

Woolery has also filed a motion to compel. Because the court is granting summary judgment in defendants' favor on all claims, it denies the motion to compel as moot.

But even were the court to consider the merits of this motion, Woolery filed the motion well after the discovery deadline had elapsed, and, as in his previous motion to compel, he identifies no specific discovery requests, such as requests for production or interrogatories, that the court can compel defendants to respond to; instead, he submits a letter from his retained expert discussing certain information that the expert requires to make an expert report. This is insufficient. The motion is denied.[9]

\* \* \*

For the reasons stated, the court grants defendants' motion for summary judgment, and denies Woolery's motion for abatement, Woolery's motion to compel, and defendants' motion to strike. The court dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

March 20, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[9]Although in their response to the motion to compel defendants request the fees they have incurred in responding to the motion, the court declines to award fees because it is principally denying the motion to compel as moot. In the specific circumstances of this case, an award of fees would be unjust under Rule 37(a)(5)(B).

- 13 -