IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DANIEL M. WOOLERY,                    §
                                      §
                  Plaintiff,          §
                                      §
VS.                                   §        Civil Action No. 3:21-CV-1728-D
                                      §
MICHAEL L. DOTY, et al.,              §
                                      §
                  Defendants.         §

MEMORANDUM OPINION
AND ORDER

After the court granted summary judgment in favor of defendants Michael L. Doty,

National Railroad Passenger Corporation, and BSNF Railway Company, plaintiff Daniel M.

Woolery ("Woolery") filed the instant motion for new trial.  Treating the motion as a Fed.

R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies it.[*]

I

Because the court did not conduct a trial in this case, Woolery's motion should not be

treated as a motion for "new trial."  *See, e.g.*, *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*,

1999 WL 1032798, at *1 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.).  Instead, because

Woolery filed the motion within 28 days after the entry of the judgment, it should be treated

as a Rule 59(e) motion.  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336,

_____

[*]After Woolery filed his motion for new trial, he filed a notice of appeal.  Although
a notice of appeal generally divests the district court of jurisdiction, under Fed. R. App. P.
4(a)(4) a notice of appeal does not take effect until after the district court rules on a motion
filed under Fed. R. Civ. P. 59.  Accordingly, the notice of appeal does not affect the court's
jurisdiction to decide Woolery's motion.

339 (5th Cir. 1997).

"To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact." *Jones v. Moore*, 2021 WL 5760677, at *1 (N.D. Tex. Dec. 3, 2021) (Fitzwater, J.) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Emps. Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).

II

Woolery's motion provides no new evidence or law that persuades the court that it erred in its summary judgment decision. Instead, Woolery essentially reargues the motion, relying on evidence that had already been presented by the time the court granted summary judgment. The court nevertheless concludes that its summary judgment ruling was correct.

Woolery also maintains that the court erred in not granting a previously-filed motion to compel, and he contends that the court did not allow discovery to be completed before it decided the summary judgment motion. Neither assertion warrants granting relief. The December 16, 2022 discovery deadline had already passed by the time the court granted

summary judgment on March 20, 2023.  And although Woolery had filed a second motion to compel on February 16, 2023—a motion that was still pending when the court issued its decision—the court adequately addressed that motion when it granted summary judgment.

\* \* \*

Accordingly, treating Woolery's motion for new trial as a Rule 59(e) motion to alter or amend the judgment, the court denies the motion.

**SO ORDERED**.

May 23, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE